UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS M. VINCENT,

       Plaintiff,                        CIVIL ACTION NO. 11-10476

       v.                                 DISTRICT JUDGE BERNARD A. FRIEDMAN

COMMISSIONER OF                   MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I.    PROCEDURAL HISTORY**

    *A.    Proceedings in this Court*

On February 7, 2011, Plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability and disability insurance benefits (Dkt. No. 3). This matter is currently before the Court on cross-motions for summary judgment (Dkt. Nos. 9, 11). Plaintiff also filed a response to Defendant's motion for summary judgment (Dkt. No. 12).

    *B.    Administrative Proceedings*

Plaintiff filed the instant claims on May 14, 2007, alleging that he became unable to work on November 1, 2004 (Tr. 14, 106-113). Plaintiff's date last insured is June 30, 2005 (Tr. 21).[1]

---

[1] Plaintiff must therefore establish that he was under a disability prior to June 30, 2005. *See* 20 C.F.R. § 404.131(a).

Thus, the relevant time period at issue is November 1, 2004 – June 30, 2005. The claim was initially disapproved by the Commissioner on June 21, 2007 (Tr. 14, 63). Plaintiff requested a hearing and, on August 17, 2009, Plaintiff appeared with counsel before Administrative Law Judge (ALJ) Peter N. Dowd, who considered the case *de novo*. In a decision dated September 15, 2009, the ALJ found that Plaintiff was not disabled (Tr. 11-21). Plaintiff requested a review of this decision on September 18, 2009 (Tr. 8-10). The ALJ's decision became the final decision of the Commissioner on December 2, 2010 when the Appeals Council denied Plaintiff's request for review (Tr. 1-3).

For the reasons set forth below, this Court finds that the ALJ's decision is this matter contains errors of law. Accordingly, this Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED**, that Defendant's Motion for Summary Judgment be **DENIED**, and that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner be **REMANDED** for a new hearing consistent with the discussion below.

## II.      STATEMENT OF FACTS

### A.      *ALJ Findings*

Plaintiff was 62 years old at the time of the most recent administrative hearing and had been receiving reduced Social Security retirement insurance benefits for several months (Tr. 17). Plaintiff's relevant work history included work as a sanitation worker in an automotive plant, and as a kitchen helper/food service worker (Tr. 17, 119-129). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since November 1, 2004, Plaintiff's alleged disability onset date (Tr. 16). At step two, the ALJ found that Plaintiff had the following "severe" impairments: diabetes mellitus, obesity with hypertension, macular edema, retinal hemorrhage, glaucoma of the eyes

with history of corrective surgeries, and plantar fasciitis corrected by orthotics (Tr. 17). At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations (Tr. 18).

Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity (RFC) to perform "a range of light exertional work activities.... [Plaintiff] in any potential work setting could do only occasional climbing of stairs, balancing, stooping, kneeling, crouching and crawling. [Plaintiff] had some limitations in vision of the eyes so that he could not do reading as a work duty, but had appropriate vison otherwise of both eyes, as of the date last insured. [Plaintiff] as of the date last insured would have needed to avoid hazards such as unprotected heights or moving industrial machinery in a potential work setting" (Tr. 18-19). At step four, the ALJ found that Plaintiff could perform his previous work as an automotive plant sanitation worker and kitchen helper/food service worker (Tr. 20-21). Thus, the ALJ found that Plaintiff was not disabled prior to his date last insured (June 30, 2005) and denied Plaintiff's disability claim at step four of the process.

### B.      *Plaintiff's Claims of Error*

Plaintiff raises two argument on appeal: (1) that the ALJ failed to present an accurate hypothetical question to the vocational expert, thus, the ALJ's finding at step four (*i.e.*, that Plaintiff could perform his prior work) is not supported by substantial evidence; and (2) that the ALJ failed to properly weigh Plaintiff's credibility.

Any issue not raised directly by Plaintiff on appeal is deemed waived. *See United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002); *see also McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Given that Plaintiff only contests two

narrow aspects of the ALJ's decision, this Report and Recommendation will not summarize the medical record and findings of the Commissioner left unchallenged by Plaintiff.

### III.   DISCUSSION

#### A.   *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *See Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its

weight. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

    **B.**    *Governing Law*

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, *Federal Disability Law and Practice* § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in significant

numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

### C.     *Analysis and Conclusions*

As noted earlier, Plaintiff raises two arguments on appeal. Since Plaintiff's first argument is well-taken (necessitating a remand), this Report and Recommendation does not address Plaintiff's second argument.

Plaintiff's first argument on appeal is that the ALJ denied his claim based upon an inaccurate hypothetical question posed to a vocational expert (VE). Specifically, Plaintiff avers that the hypothetical question posed during the hearing – which stated that Plaintiff "had some limitation in far vision in the right eye but was sufficiently corrected so that the individual had a driver's license to operate vehicles"(Tr. 56-57) – was materially different from the ultimate RFC found by the ALJ, wherein the ALJ determined that Plaintiff could "not do reading as a work duty" (Tr. 19). The ALJ denied Plaintiff's claim at the fourth step of the sequential evaluation, after determining that Plaintiff could perform his past relevant work as an automotive plant sanitation worker and a kitchen helper/food service worker (Tr. 20). Plaintiff argues that "an automation worker and kitchen helper/food service worker positions are going to require the individual to read food containers, cleaning containers, instructions, etc. It seems to reason that if an individual cannot do reading as a regular work duty they could not perform past relevant work...." (Pl.'s. Br. at 7). Additionally, Plaintiff argues that his past relevant work was at the "medium" level of exertion. Plaintiff's arguments are well-taken.

It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *See Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). A VE's testimony is not required when the ALJ determines that a claimant is not disabled

at step four of the sequential evaluation. *See Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (At step four, "the ALJ was not required to solicit testimony from a VE in reaching his conclusion"). However, it is common practice for an ALJ to rely upon a VE's testimony at step four of the sequential analysis. *See* 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy"); *Delgado v. Commissioner*, 30 Fed. App'x 542, 548 (6th Cir. 2002). A vocational expert's response to a flawed hypothetical question cannot serve as substantial evidence sufficient to uphold an ALJ's denial of disability insurance benefits. *See* Social Security Act, § 205(g), 42 U.S.C.A. § 405(g); *Yoder v. Commissioner of Social Sec.*, Case No. 10-14941, 2011 WL 6308313 *6 (E.D. Mich., Dec. 16, 2011).

Here, the ALJ used the VE's testimony to assist in determining whether Plaintiff could perform any of his past relevant work. The VE classified Plaintiff's past relevant work as a sanitation worker and as a food service worker as "light, unskilled work" (Tr. 56). Under the applicable legal standard, the definition of "past relevant work" at step four involves both the work as previously performed by the claimant or a generally performed in the national economy. *See Delgado v. Comm'r of Social Security*, 30 Fed. App'x. 542, 548 (6th Cir. 2002) ("[a]t the fourth step of the sequential evaluation process, [the claimant] must prove that she was unable to perform her past relevant work and that she is unable to return to her former type of work as generally performed").

The ALJ presented some restrictions in vision in the hypothetical question posed to the VE, however, the ultimate RFC found by the ALJ in the decision denying Plaintiff's claim was much more restrictive, stating that Plaintiff "could not do reading as a work duty" (Tr. 18). It is unclear whether the VE's testimony would have been different had the ALJ included a

requirement that Plaintiff's vision precluded him from reading as a work task. For instance, the job requirements in the Dictionary of Occupational Titles (DOT) of a food-service worker include:

> Food-Service Worker (hotel & rest.) § 313.361-014
>
> Prepares, seasons, and cooks soups, meats, vegetables, desserts, and other foodstuffs for consumption in eating establishments: **Reads menu to estimate food requirements and orders food from supplier or procures food from storage**. Adjusts thermostat controls to regulate temperature of ovens, broilers, grills, roasters, and steam kettles. Measures and mixes ingredients according to recipe, using variety of kitchen utensils and equipment, such as blenders, mixers, grinders, slicers, and tenderizers, to prepare soups, salads, gravies, desserts, sauces, and casseroles. Bakes, roasts, broils, and steams meats, fish, vegetables, and other foods. Adds seasoning to foods during mixing or cooking, according to personal judgment and experience. Observes and tests foods being cooked by tasting, smelling, and piercing with fork to determine that it is cooked. Carves meats, portions food on serving plates, adds gravies and sauces, and garnishes servings to fill orders. May supervise other cooks and kitchen employees. May wash, peel, cut, and shred vegetables and fruits to prepare them for use. May butcher chickens, fish, and shellfish (emphasis added).[2]

In other words, Plaintiff's former work as a food service worker may very well have required him to read as a work duty.[3] It is unclear whether the VE would have testified that Plaintiff could do this prior work if the VE was told by the ALJ that Plaintiff was completely unable to read as a work requirement. As such, the hypothetical question presented by the ALJ to the VE was flawed, and the ALJ was not entitled to rely on the testimony of the VE in finding that Plaintiff could do his prior work. Accordingly, this case should be remanded for a new hearing.

### III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **GRANTED**, that Defendant's motion for summary judgment be **DENIED** and that,

---

[2] *See* http://www.occupationalinfo.org/31/313361014.html

[3] The undersigned was unable to locate "plant sanitation worker" in the DOT. Similar jobs (*e.g.*, sanitation supervisor, § 529.137-014; janitor, 382.664-010; cleaner, industrial, § 381.687-018; clean-up worker, § 381.687-014), while not necessarily requiring an ability to read, all appear to require a level of exertion greater than Plaintiff's RFC for "light" work.

pursuant to sentence four of 42 U.S.C. § 405(g), this matter be **REMANDED** for a new hearing consistent with the discussion above.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

           s/Mark A. Randon
           MARK A. RANDON
           UNITED STATES MAGISTRATE JUDGE

Dated: January 31, 2012

*Certificate of Service*

I hereby certify that a copy of the foregoing document was mailed to the parties of record on January 31, 2012, by electronic and/or ordinary mail.

           s/Barbara M. Radke
           *Judicial Assistant*